IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Case No.   3:21CV_171_ |
| | ) | |
| $37,231 U.S. CURRENCY, | ) | |
| $4,000 U.S. CURRENCY, | ) | |
| | ) | |
| Defendants *In Rem.* | ) | |

## COMPLAINT FOR FORFEITURE IN REM

COMES NOW the plaintiff, United States of America, by and through its counsel, Raj Parekh, Acting United States Attorney for the Eastern District of Virginia and by Janet Jin Ah Lee, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

**NATURE OF THE ACTION**

1.     The United States brings this action *in rem* seeking the forfeiture of all right, title and interest in $37,231 and $4,000 in U.S. Currency (collectively "defendant property"), involving violations of 21 U.S.C. §§ 841 and 846.   The defendant property is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).   21 U.S.C. § 881(a)(6) provides that "[a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter," are subject to forfeiture.

1

## THE DEFENDANTS IN REM

2. $37,231 U.S. Currency was seized on May 4, 2020 from Earleecha Williams ("Williams"), at Richmond International Airport. Richmond International Airport is located in Sandston, Virginia. The defendant property is currently in the possession of the U.S. Drug Enforcement Administration (DEA) in the Eastern District of Virginia.

3. $4,000 U.S. Currency was seized on May 5, 2020 from Williams, at Richmond International Airport, by federal officers. The defendant property is currently in the possession of the U.S. Drug Enforcement Administration (DEA) in the Eastern District of Virginia.

## JURISDICTION AND VENUE

4. Plaintiff brings this action *in rem* in its own right to forfeit the defendant property. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355(a). This Court has jurisdiction over this action in particular pursuant to the applicable forfeiture statute, 21 U.S.C. § 881.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because the acts or omissions giving rise to the forfeiture occurred in this district.

6. Venue is proper in this division pursuant to Local Civil Rule 3(C) read in conjunction with 28 U.S.C. §§ 1355(b)(1)(B) and 1395(c) because the defendant property has been brought into this division.

7. The defendant property is now and during the pendency of this action will be within the jurisdiction of this Court.

## BASIS FOR FORFEITURE

8. The defendant property is subject to forfeiture to the United States pursuant to 21

2

U.S.C. § 881(a)(6).  21 U.S.C. § 881(a)(6) provides that "[a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter," are subject to forfeiture.

**FACTS**

9. On May 04, 2020, a screening supervisor with Transportation Security Administration (TSA) at Richmond International Airport ("RIC") was alerted by an x-ray alarm to a large mass at the bottom of a checked bag belonging to "Earleecha Williams."

10. The TSA screening supervisor conducted a search on the bag and observed that the bag had been tampered with to create a false bottom.  The mass, visible on the x-ray, was in the bottom of the bag.  Upon further inspection, the TSA screening supervisor could feel the bulge in the bag and observed a large amount of currency in the false compartment in the lining of the bag.  A call for service in reference to the suspicious bag was submitted to Richmond International Airport Police ("RIC Police").

11. RIC Police responded to the call for service.  RIC Police activated body worn camera ("BWC").  RIC Police identified the owner of the bag as Earleecha Williams.  Williams had a ticket for American Flight AA 5501 from Richmond to Charlotte and from Charlotte to San Francisco.  The bag was subsequently searched by RIC police who also noticed that the bag had been modified so that there was a compartment at the bottom of the bag, creating a false bottom under which items could be concealed.  Notably, the officers noticed that the screws in

the bottom of the bag were loose and that the tape holding the compartment together had popped up, making the currency - hidden in the false bottom - visible.   Officers with RIC Police along with TSA personnel maintained care, custody, and control of the bag in a secured area of RIC.

12. Other officers with RIC Police located Williams in the airport.   Williams agreed to speak with RIC Police.   Williams told officers she had clothes and "some money" in her bag.   Officers told Williams TSA found the money.

13. When asked about the currency in her suitcase, Williams said she was taking her trip to put down a down payment on a house and to help her cousin with a sick patient.

14. Williams she said her cousin was helping her and gave her some money to go towards her down payment.

15. When asked where she was buying a house, Williams responded "Cali."

16. When asked how much money was in her bag, Williams did not know the exact amount but told the officer "I think it's like 30 something."

17. Williams further stated the funds were from a variety of sources, including, family contributions, savings, and self-employment.   Williams told the officer that she has a business making jewelry and a food truck.

18. Williams said she lived with her parents and has lived in Richmond all her life. Williams has a Mercedes C300 and 2 children.

19. When asked again how much money was in the suitcase, she said "30.   I don't remember."

20. Williams told the officer she was going to San Francisco to pay a down payment to purchase a house.   However, when questioned, Williams was unable to provide pictures or

4

online links to the house she was planning to purchase.

21. After speaking with Williams, and with the BWC still on, the officers attempted to remove the currency from the false compartment in the suitcase. Officers were able to see a large amount of loose currency.

22. The false bottom was fastened by screws and the officers ultimately had to remove the false bottom using a box cutter.

23. The large volume of loose currency was removed from the suitcase and placed into sealed evidence bags. A small amount of currency was also in an article of clothing from inside the suitcase.

24. Williams was provided with a receipt for the large amount of currency, contact information for DEA, and her suitcase.

25. Williams asked if she could count the money or if the officers could count it in front of her. Officers explained that they do not perform a count but rather transfer the money from the suitcase into evidence bags.

26. Williams was shown the evidence bags filled with the currency. Her suitcase and other belongings from the suitcase were returned to Williams.

27. On May 05, 2020, DEA took possession of the funds seized from Williams by RIC Police the previous day. Henrico Police responded with K9 detection dog. The canine, certified to detect the odor of controlled substances, alerted to the currency seized from Williams.

28. DEA was also contacted by RIC Police on May 05, 2020 that Williams was a scheduled passenger upon flight #2255 departing RIC to Charlotte with an ending destination of

5

Sacramento, California.

29. That afternoon, RIC Police identified Williams approaching the escalator wearing the same clothing from the previous day, carrying one luggage bag and a purse. RIC police identified Williams to the DEA task force officer.

30. The DEA task force officer identified himself to Williams. He told Williams that a canine, certified to detect the odor of illegal narcotics, alerted to the currency seized from Williams on May 4, 2020.

31. Williams asked what type of drugs and volunteered that she did not know marijuana was illegal.

32. When asked whether she was transporting any additional money, she stated she had $4,000 in her bag. Williams declined to answer any questions about how she earned the currency, taxes, and employment.

33. Henrico Police K9 responded. The canine, certified to detect the odor of controlled substances, alerted to Williams' luggage.

34. DEA subsequently searched the luggage and recovered the funds under clothing in the bottom of the bag.

35. The officer maintained complete care, custody, and control of the currency and transported it back to the DEA office. Officers maintained care, custody, and control of the currency until it was transferred to Loomis for an official count and deposit.

36. The currency seized on May 4, 2020 was $37,231 U.S. Currency.

37. The currency seized on May 5, 2020 was $4,000 U.S. Currency.

38. On June 12, 2020, notice of seizure was mailed to Williams by DEA.

39. On July 17, 2020, DEA received a claim from Williams, through counsel. In her claim, Williams asserts the defendant property belongs to her and that the defendant property was obtained from various sources, including: a personal injury settlement, proceeds from employment, gifts from family members, funds from her husband's estate following his death, and COVID-19 government relief check.

40. A query of Virginia Employment Commission records indicate that Williams has no significant income for the past several years. Specially, in 2017, her reported income was $2,133.33; 2018 reported income was $89.55; 2019 reported income was $5,782.01; and 2020 reported income was $2,830.76.

41. Furthermore, DEA noted that Williams was identified in connection with open DEA investigations into suspected narcotics traffickers and an inquiry into the cell phone tolls of Williams has revealed several associated links to other drug investigations in and outside the Eastern District of Virginia.

42. Specifically, in January 2019, DEA was investigating reports of suspicious parcels that were en route for delivery to a shipping company in Henrico, Virginia mailed from an upholstery company located in Costa Mesa, California. Similar mail parcels shipped from the company days earlier had been interdicted and found to contain large amounts of marijuana.

43. On January 7, 2019, Williams was identified as the renter of a vehicle used by Person #1, who attempted to receive a shipment of marijuana shipped to a trucking company in Henrico, Virginia in one of the parcels identified during the investigation.

44. The parcel Person #1 attempted to pick up contained a white sofa that was heavily wrapped in plastic. Concealed inside the sofa, DEA recovered fifty (50) individually shrink-

7

wrapped packages of marijuana. Each package was approximately one pound.

45. A query of the Narcotics and Dangerous Drugs Information System ("NADDIS"), a data index and collection system operated by the DEA revealed that in July 2013, Person #1 was entered into NADDIS in reference to a seizure of 3.5 kilograms of marijuana and a shotgun seized in North Hills, California.

46. Person #1 had another incident entered into NADDIS from November 2013 in reference to the seizure of 5 kilograms of marijuana, a shotgun, and $10,600 in U.S. Currency. This incident also occurred in North Hills, California.

## PRAYER FOR RELIEF

47. Based on the foregoing, the defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6), as moneys furnished or intended to be furnished in exchange for a controlled substance or proceeds traceable to such an exchange, or as moneys used or intended to be used to facilitate a controlled substance exchange in violation of Subchapter I, Chapter 13 of Title 21 of the United States Code.

WHEREFORE, the United States prays that due process issue to enforce the forfeiture of the defendant property and that due notice be given to all interested parties to appear and show cause why said forfeiture of the defendant currency should not be decreed, that the defendant currency be condemned and forfeited to the United States to be disposed of according to law, and for such other and further relief as this Honorable Court may deem just and proper.

DATED this 15th day of March 2021.

        Respectfully submitted,
        RAJ PAREKH
        ACTING UNITED STATES ATTORNEY

By:     /s/_____
        Janet Jin Ah Lee
        Assistant United States Attorney
        Virginia State Bar No. 84104
        Assistant United States Attorney
        United States Attorney's Office
        919 East Main Street, Suite 1900
        Richmond, Virginia 23219
        Phone: 804/819-5400
        Fax: 804/771-2316
        Email Address: janet.lee@usdoj.gov

## VERIFICATION

I, Matthew S. Gay, Task Force Officer, Drug Enforcement Agency (DEA), declare under penalty of perjury as provided by 28 United States Code ' 1746, that the foregoing Complaint for Forfeiture in Rem is based on information known by me personally and/or furnished to me by various federal, state, and local law enforcement agencies, and that everything contained therein is true and correct to the best of my knowledge.

Executed at Richmond, Virginia, on March 15, 2021.

_____
Matthew S. Gay
Task Force Officer